IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clarence B. Jenkins, Jr., | ) | C/A No. 3:21-1606-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND** |
| South Carolina Department of Employment | ) | **REPORT AND RECOMMENDATION** |
| Workforce; South Carolina Human Affairs | ) | |
| Commission; South Carolina Office of | ) | |
| Inspector General; South Carolina | ) | |
| Department of Administration; Office of | ) | |
| South Carolina Governor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Clarence B. Jenkins, Jr., a self-represented litigant, filed this employment action. Jenkins files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss.[1] (ECF No. 9.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Jenkins of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 12.) Jenkins filed a response in opposition to the motion (ECF No.

---

[1] This case is subject to the court's initial review provisions pursuant to In Re: Procedures in Civil Actions Filed by Non-Prisoner *Pro Se* Litigants, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). Prior to the court's conducting initial review under those provisions, the defendants made an appearance and moved to dismiss the case. In their motion, the defendants argue that Jenkins's failure to serve the defendants is an alternative ground for dismissing the case. However, the court has not conducted initial review or authorized service in this case, and consequently, the time limit to serve the defendants is currently tolled. See Robinson v. Clipse, 602 F.3d 605, 608-09 (4th Cir. 2010) (providing that the time limit to serve parties under Rule 4(m) is tolled during initial review).

24), and the defendants replied (ECF No. 29).[2]  Having reviewed the record presented and the applicable law, the court finds the defendants' motion to dismiss should be granted.

## BACKGROUND

The following allegations are taken as true for purposes of resolving the defendants' motion to dismiss.  Jenkins brings this race discrimination and retaliation action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., claiming that from 2013 to 2015 he applied for various job vacancies in South Carolina state agencies but other candidates were hired, even though Jenkins was qualified.  (Compl., ECF No. 1-1 at 3.)  Jenkins also claims that he has been barred from applying for any positions online because the online system applied a "nepotism" label to Jenkins's profile.  (Id.)  On January 21, 2021, Jenkins filed a charge of discrimination with the South Carolina Human Affairs Commission, naming the South Carolina Department of Employment and Workforce ("SCDEW") as the sole agency that discriminated and retaliated against him based on his race.  Jenkins seeks damages and injunctive relief.

## DISCUSSION

**A.     Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S.

---

[2] Jenkins also filed a "motion to submit additional evidence" and a "motion for declaration of established rights" to support his claims.  (ECF Nos. 17 & 31.)  The court observes that the Local Rules make no provision for sur-reply memoranda and Jenkins did not seek leave of the court to file a sur-reply or additional briefing.  Accordingly, Jenkins's motions were not considered in the court's recommendation.  However, consideration of the motions would not have changed the court's recommendation.  In light of the court's recommendation, the motions are denied.

544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.     **The Defendants' Motion**

The defendants argue that Jenkins failed to timely exhaust his administrative remedies under Title VII.  The court agrees.

Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC.  See 42 U.S.C. § 2000e-5(f)(l); Fort Bend Cty., Tex. v. Davis, 139 S. Ct. 1843 (2019); Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000).  In South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment

practice" occurred. 42 U.S.C. § 2000e-5(c), (e). A discrimination suit "is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge." Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994). When a discrimination claim "exceed[s] the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995). The failure to file a timely charge with the EEOC bars the claim in federal court. See Fort Bend Cty., 139 S. Ct. at 1851 (2019) (holding that Title VII's charge-filing requirement is mandatory).

Here, Jenkins's charge of discrimination and accompanying records show that Jenkins listed only SCDEW as the agency that discriminated against him, and the EEOC only investigated his claims as to SCDEW. (Compl., ECF No. 1-1 at 3-4, 7.) Importantly, Jenkins's charge of discrimination provided no specific allegations against the other state agencies. Therefore, Jenkins has not exhausted his administrative remedies as to any of the defendants except for SCDEW.

However, as to SCDEW, the charge is untimely. The charge, which was filed on January 21, 2021, expressly states that the purported discrimination he faced from not being hired occurred between 2013 and 2015. (Compl., ECF No. 1-1 at 3.) He also claims that he continued to have the "nepotism" label applied to his online job profile as late as January 29, 2020. (Id.) Assuming without deciding that the "nepotism" label constitutes an allegation of an unlawful employment practice, the claim would still fall outside of the 300-day time limit to file a charge of discrimination. Therefore, Jenkins did not timely exhaust his administrative remedies for his Title VII claim against SCDEW.[3] In light of this conclusion, the court need not address the defendants'

---

[3] Jenkins does not respond to the defendants' argument that he failed to timely exhaust his Title VII claims.

arguments that Jenkins's claims are barred by claim preclusion or fail to state a claim upon which relief can be granted.[4]

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendants' motion to dismiss be granted for Jenkins's failure to timely exhaust his Title VII claims.[5]

August 6, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[4] The defendants also request that the court impose sanctions on Jenkins "for his continued misuse of the judicial system," without any further argument or citation to authority. (Defs.' Mot. to Dismiss, ECF No. 9-1 at 9.) The court has inherent authority to sanction parties that act in bad faith, vexatiously, or otherwise abuse the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); Strag v. Bd. of Trustees, Craven Cmty. Coll., 55 F.3d 943, 955 (4th Cir. 1995). Notably, the defendants do not specify that they seek sanctions pursuant to Federal Rule of Civil Procedure 11(c). See Chambers, 501 U.S. at 50. Regardless, the defendants do not specifically identify misconduct that would warrant sanctions, and therefore, the court does not recommend that sanctions be issued in this case. However, Jenkins is warned that the court retains the authority to sanction parties that file lawsuits in bad faith, maliciously, or for the purpose of harassment. Those sanctions could include an award of penalties made payable to the court, fees and expenses awarded to the opposing parties, or prefiling injunctions, among other sanctions.

[5] In light of the court's recommendation, the defendants' motion to stay deadlines is granted. (ECF No. 25.) The deadlines in the court's scheduling order are hereby suspended pending the resolution of the defendants' motion to dismiss by the assigned district judge.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).